**Weiyao HUANG, aka, We Yao Huang Petitioner,**

v.

**IMMIGRATION AND NATURALIZATION SERVICE, Respondent.**

No. 00–71582.

I & NS No. A70–088–634.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted March 6, 2002.

Decided March 19, 2002.

Before WARDLAW, W. FLETCHER, Circuit Judges, and WHYTE, District Judge.*

## MEMORANDUM**

Weiyao Huang, a native and citizen of China, petitions for review of a final order of deportation issued by the Board of Immigration Appeals ("BIA") dismissing his appeal from the Immigration Judge's ("IJ") denial of his applications for asylum and withholding of deportation under the Immigration and Nationality Act ("INA") §§ 208(a) and 243(h), 8 U.S.C. §§ 1158(a), 1253(h). We have jurisdiction pursuant to 8 U.S.C. § 1105a(a). We review the BIA's decision under the substantial evidence standard. *INS v. Elias–Zacarias*, 502 U.S. 478, 481, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992). We review Petitioner's claims of due process violations de novo, *Perez–Lastor v. INS*, 208 F.3d 773, 778 (9th Cir.2000), and we deny the petition.

* The Honorable Ronald M. Whyte, United States District Judge for the Northern District of California, sitting by designation.

Persecution is an "extreme concept" that includes the " 'infliction of suffering or harm.' " *Korablina v. INS*, 158 F.3d 1038, 1043–44 (9th Cir.1998) (citation omitted); *Sangha v. INS*, 103 F.3d 1482, 1487 (9th Cir.1997); *Ghaly v. INS*, 58 F.3d 1425, 1431 (9th Cir.1995) (explaining that persecution is " 'an extreme concept that does not include every sort of treatment our society regards as offensive' " (citation omitted)).

■ Although the IJ made an adverse credibility finding, the BIA credited Huang's testimony, but found that the events Huang described did not rise to the level of persecution. *Singh v. INS*, 134 F.3d 962, 967 (9th Cir.1998). Huang testified that he was forced to write a self-criticism letter, was suspended from school, and was transferred to work for a construction company in his home town that was not accepting of him. He complains of ostracism in that he was not invited by his employer and co-workers to a national day of celebration that is specifically related to the founding of the Peoples' Republic of China by the Communist Party ("PRC"). Fully credited, this evidence does not compel a finding of persecution. *See, e.g., Prasad v. INS*, 47 F.3d 336, 339 (9th Cir.1995) (four to six hour detention by Fiji military did not constitute past persecution even though detention included physical abuse); *Kazlauskas v. INS*, 46 F.3d 902, 907 (9th Cir.1995) (prevention of advancement to the university is not enough to rise to the level of past persecution); *cf. Desir v. Ilchert*, 840 F.2d 723, 727 (9th Cir.1988) (multiple arrests in combination with "severe beatings" constitutes past persecution). Although we recognize that Huang suffered

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

mistreatment by the PRC, we conclude that the evidence is insufficient to compel a finding of past persecution.

If an asylum applicant does not establish past persecution, he must demonstrate a well-founded fear of future persecution by establishing a genuine fear of persecution and by introducing credible, direct, and specific evidence supporting an objectively reasonable fear of persecution. *Singh*, 134 F.3d at 966.

Huang relied on the same evidence of past persecution to support his fear of future persecution. He also testified that, while in the United States, he subscribed to two periodicals and wrote a letter that was published, using his true name, in *China Spring*, a Chinese language periodical advocating democratic reform in China. Although Huang's fear of future persecution because of these activities may be subjectively genuine, he fails to demonstrate that his fear is objectively reasonable. *See id.* at 966 (petitioner's fear of persecution if he is returned to his native country must be subjectively genuine and objectively reasonable). Huang fails to demonstrate how the subscriptions and the published letter would subject him to any danger. *See id.* at 967 (noting that petitioner cannot simply prove that there exists a generalized or random possibility of persecution; he must know that he is at a particular risk—that his predicament is appreciably different from the dangers faced by his fellow citizens). As the BIA correctly noted, "[a] subscription to a magazine in the United States is a passive act." Moreover, the mere publication of Huang's letter by *China Spring*, without more, does not establish that the Chinese government would view the letter as a cause for persecution.

Finally, the record is devoid of any evidence that Huang's family, still resident in China, has experienced any harm from his departure to the United States or because of his published letter. *See Cuadras v. INS*, 910 F.2d 567, 571 (9th Cir.1990) ("[Alien's] claims are further undercut by the fact that his father and brother have not been harmed, and they apparently still reside unmolested in El Salvador."); *Estrada v. INS*, 775 F.2d 1018, 1021–22 (9th Cir.1985) ("The absence of harassment of an alien's family tends to reduce the probability of persecution."). The BIA properly considered the continued safe residence of Huang's family in China as a factor to be weighed in deciding whether Huang has a well-founded fear of future persecution.

Therefore, substantial evidence supports the BIA's finding that Huang failed to establish past persecution or a well-founded fear of future persecution. *See Elias–Zacarias*, 502 U.S. at 481; *Aruta v. INS*, 80 F.3d 1389, 1393 (9th Cir.1996).

PETITION DENIED.